**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS,<br><br>    *Plaintiff*,<br><br>    v.<br><br>JAMES UTHMEIER, ATTORNEY GENERAL OF THE STATE OF FLORIDA, in his official capacity,<br><br>    *Defendant*. | Case No. 1:26-cv-02401-MFK |

## PLAINTIFF'S MOTION FOR RULE 41(A)(2) VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Plaintiff American Academy of Pediatrics ("AAP") hereby moves pursuant to Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss its Complaint against Defendant Attorney General James Uthmeier ("Uthmeier"), in his official capacity, without prejudice and with each party to bear its own costs and attorneys' fees. In support, AAP states as follows:

AAP filed its Complaint and moved for a preliminary injunction in this matter on March 4, 2026. *See* Compl., ECF No. 1; Mot. for Prelim. Inj., ECF No. 4. At that time, Uthmeier had not served AAP with the complaint in the Florida state court litigation at issue here. Compl. ¶ 19; *see also* Aff. of M. Del Monte ("Del Monte Aff."), ECF No. 4-2 ¶ 10.

After AAP brought the instant suit, Uthmeier added a third count to the Florida state court action against AAP and effected service. *E.g.*, Fla. Am. Compl., ECF No. 21-1; Aff. of Return of Service, ECF No. 21-2. In opposing AAP's motion for preliminary injunction, Uthmeier also moved to dismiss the Complaint "based on lack of personal jurisdiction, improper venue, *Younger* abstention, and failure to state a claim." Mem. Op. & Ord., ECF No. 35; *see also* Def.'s Mot. to

1

Dismiss & Response to Pl.'s Mot. for Prelim. Inj., ECF No. 21.

On June 2, 2026, this Court denied Uthmeier's motion to dismiss and granted Plaintiff's motion for preliminary injunction. *See* Mem. Op. & Ord., ECF No. 35. Uthmeier moved this Court for a stay pending appeal, *see* ECF No. 41, which AAP opposed, *see* ECF No. 50; this Court denied Uthmeier's motion for stay pending appeal on July 10, 2026, *see* ECF No. 58. On June 29, 2026, Uthmeier answered the Complaint. *See* ECF No. 53.

Uthmeier also sought an administrative stay from the Seventh Circuit, as well as an emergency stay pending appeal, each of which AAP opposed and the Seventh Circuit denied. *See* Emergency Mot. for Stay Pending Appeal & Immediate Admin. Stay, Dkt. No. 2-1 (No. 26-2238) ("Uthmeier Mot. for Stay"); Order Denying Immediate Admin. Stay, Dkt. No. 5; Order Denying Stay Pending Appeal, Dkt. No. 20 (*per curiam*). In his papers, Uthmeier focused on threshold arguments that the district court lacks personal jurisdiction, that venue is improper, and that *Younger* abstention applied. *See generally* Uthmeier Mot. for Stay.

Uthmeier then petitioned the Seventh Circuit for rehearing en banc of the panel decision denying the motion to stay pending appeal. *See* Appellant's Emergency Petition for Rehearing En Banc of the Panel Decision Denying the Motion to Stay Pending Appeal, Dkt. No. 24. Once more, Uthmeier focused his arguments on threshold issues: *Younger* abstention, personal jurisdiction, and venue. *See generally id.* On July 8, the en banc Seventh Circuit, over the dissent of multiple judges, granted Uthmeier's petition for en banc reconsideration, vacated the panel decision denying a stay pending appeal, and stayed this Court's preliminary injunction order pending the resolution of the appeal and issuance of the Seventh Circuit's mandate. *See* Order, Dkt. No. 34. The Seventh Circuit further ordered that Uthmeier's appeal will be heard initially en banc, again with multiple judges dissenting. *Id.*

2

With this Court's preliminary injunction stayed, AAP must move forward with defending itself against Uthmeier's lawsuit in Florida state court. Indeed, on July 8, 2026, Uthmeier informed the Florida state court that "[t]he [Florida] Attorney General is no longer enjoined from prosecuting this state court enforcement action against Defendant American Academy of Pediatrics." *See Off. of Att'y Gen. v. WPATH*, No. 2025-CA-002660 (Fla. 19th Jud. Cir. Ct.), Filing No. 252063531 (July 8, 2026)], *attached as* Exhibit 1. And AAP recently filed a consent motion for leave to file a reply brief in support of its motion to dismiss in Florida state court. *See Off. of Att'y Gen. v. WPATH*, No. 2025-CA-002660 (Fla. 19th Jud. Cir. Ct.), Filing No. 252719717 (July 17, 2026), *attached as* Exhibit 2.

As detailed in AAP's moving papers, "AAP is a 501(c)(3) nonprofit organization, dedicated to educating clinicians, supporting research, and issuing evidence-based clinical guidance to inform pediatric medical practice." Del Monte Aff. ¶ 3. As a non-profit entity with related budget constraints, and with this Court's preliminary injunction recently stayed, AAP must now focus its resources on defending against the case in Florida. AAP asked Uthmeier to stipulate to dismissal of this action; in response, Uthmeier informed AAP that he opposes this motion, that he considers AAP's lawsuit frivolous, and that dismissal would prejudice his ability to seek attorney's fees under 42 U.S.C. § 1988(b).

"Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff to dismiss claims voluntarily at any time 'on terms that the court considers proper.'" *Simons v. Fox*, 725 F. App'x 402, 406 (7th Cir. 2018) (quoting Fed. R. Civ. P. 41(a)(2)); *see also Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008), *as corrected* (Aug. 27, 2008) ("Voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) is allowed at the district court's discretion."). "A defendant can prevent such voluntary dismissal only by showing that 'plain legal prejudice' will result." *Simons*, 725 F. App'x at 406 (citing

*Wojitas v. Capital Guardian Tr. Co.*, 477 F.3d 924, 927 (7th Cir. 2007); *see also United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986), *cert. denied*, 479 U.S. 961 (1986); *LHO Chicago River, L.L.C. v. Rosemoor Suites, LLC*, 2018 WL 11150620, at \*1 (N.D. Ill. Feb. 21, 2018)). The Seventh Circuit has "identified four [non-exhaustive] factors that throw light on whether [such] prejudice would arise: '[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" *Kunz*, 538 F.3d at 677–78 (quoting *Pace v. S. Express Co.,* 409 F.2d 331, 334 (7th Cir. 1969)); *see also Tyco Lab'ys, Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) ("The enumeration of the factors to be considered in *Pace* is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests.").

Uthmeier "does not come close" to satisfying these factors. *Kunz*, 538 F.3d at 678. The parties remain in the early stages of the litigation. No discovery has been propounded or taken; the parties have not prepared for trial. AAP has not delayed in pursuing the instant action. AAP has provided a clear explanation for the need for dismissal without prejudice: so that it may focus its limited resources on defending against the Florida state court action rather than simultaneously litigating against Uthmeier in two separate matters. Uthmeier has not filed a motion for summary judgment; indeed, the case has been stayed since July 10, 2026, pending the resolution of Uthmeier's appeal of the preliminary injunction. *See* ECF No. 58. And Uthmeier has provided no coherent reason to continue litigation in a court that he has repeatedly asserted lacks jurisdiction

4

and venue to hear AAP's claims.

For similar reasons, AAP requests that each side bear its own fees and costs. "The decision of whether or not to impose costs on the plaintiff lies within the sound discretion of the district judge, as does the decision of whether to impose attorney's fees." *In re Smith*, 227 B.R. 667, 674 (Bankr. N.D. Ill. 1998) (quoting *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981)). AAP is moving for dismissal early in this case—approximately four months after bringing the action—and Uthmeier will not suffer plain legal prejudice from dismissal. *Id.* Uthmeier's desire to continue amassing fees by litigating in a forum that he insists lacks jurisdiction cannot establish prejudice.

Although Uthmeier suggests in his email correspondence that AAP's suit is "frivolous," AAP's good-faith effort to defend itself against Uthmeier's unconstitutional state action is patently nothing of the sort. To the contrary, this Court granted AAP's request for a preliminary injunction, a panel of the Seventh Circuit unanimously denied Uthmeier's request for an administrative stay, and the same panel later denied Uthmeier's request for a stay pending appeal (with one dissent), finding "strong support" for "the injunction here." Dkt. No. 20; *see also supra* (describing procedural background of instant action). Even when the en banc Seventh Circuit opted to stay this Court's preliminary injunction, it did so over the dissent of five judges. All told, six respected federal judges have expressed the view that AAP is entitled to a preliminary injunction in this case. The fact that other federal judges on the Seventh Circuit have seen fit to review this case further does not come close to establishing that this suit is frivolous. *E.g.*, *Alexander v. Image One, LLC*, 2024 WL 4539713, at *2 (S.D. Ind. Sept. 27, 2024), *report and recommendation adopted*, 2024 WL 4533910 (S.D. Ind. Oct. 21, 2024) ("It is the view of the undersigned that the presence of a complaint that survived a motion to dismiss and was voluntarily dismissed by the Plaintiff prior to

being subject to a summary judgment motion cannot be considered at such time to be 'frivolous, unreasonable, or groundless.'"); *contra Munson v. Milwaukee Bd. of Sch. Dirs.*, 969 F.2d 266, 269 (7th Cir. 1992) (describing an award of fees to the defendant in a civil rights suit as "appropriate to deter frivolous filings" when "a civil rights suit is lacking in any legal or factual basis").

Consequently, AAP requests respectfully that this Court grant voluntary dismissal of the instant action without prejudice, with each party to bear its own fees and costs.

DATED: July 22, 2026

Respectfully submitted,

*/s/ Alexandra J. Widas*

Valerie Hletko (ARDC No. 6323429)*
Amber M. Charles (D.C. Bar No. 1035226)**
Paul Killebrew (N.Y. Bar No. 4605846)**
Alexandra J. Widas (D.C. Bar No. 1645372)**
Francisco I. Collantes (D.C. Bar No. 90032159)**
Sarah Haddon (D.C. Bar No. 90005098)**
Kristin Oakley (D.C. Bar No. 90020204)**
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Tel. (202) 662-6000
vhletko@cov.com
acharles@cov.com
pkillebrew@cov.com
awidas@cov.com
fcollantes@cov.com
shaddon@cov.com
koakley@cov.com

Jack R. Bierig (ARDC No. 207039)*
J. Michael Showalter (ARDC No. 6301455)*
ArentFox Schiff LLP
233 S. Wacker Drive, Suite 7100
Chicago, IL 60606
Tel: (312) 258-5500
jack.bierig@afslaw.com
j.michael.showalter@afslaw.com

*Member of the N.D. Ill. Trial Bar
**Member of the N.D. Ill. General Bar

*Counsel for American Academy of Pediatrics*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2026, I filed the foregoing document and all accompanying materials with the Clerk of Court for the U.S. District Court for the Northern District of Illinois using the court's CM/ECF system.

<u>/s/ Alexandra J. Widas</u>

Alexandra J. Widas