# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, <br><br>     *Plaintiff,* <br><br>       v. <br><br> JAMES UTHMEIER, ATTORNEY GENERAL OF THE STATE OF FLORIDA, in his official capacity, <br><br>     *Defendant.* | Case No. 1:26-cv-02401 |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 41(A)(2) VOLUNTARY DISMISSAL WITHOUT PREJUDICE

JAMES UTHMEIER
  *Attorney General*

RYAN D. NEWMAN
  *Chief Deputy Attorney General*

JASON HILBORN
  *Deputy Attorney General*
  *Civil Division*

OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
samuel.elliott@myfloridalegal.com

DAVID M.S. DEWHIRST
  *Solicitor General*

JASON J. MUEHLHOFF
  *Chief Deputy Solicitor General*

SAMUEL F. ELLIOTT
  *Deputy Solicitor General*

VINCENT LI
  *Deputy Solicitor General*

## INTRODUCTION

The American Academy of Pediatrics (AAP) filed this lawsuit to block a Florida state court from adjudicating the merits of a state enforcement action. Now, it has filed a motion for voluntary dismissal to block the Seventh Circuit from adjudicating the merits of this action. This Court should put an end to AAP's gamesmanship and deny the motion. But at a minimum, ordering anything less than dismissal *with* prejudice would constitute an abuse of discretion.

## FACTUAL & PROCEDURAL BACKGROUND

The Florida Attorney General filed an enforcement action against AAP and two other medical associations in Florida state court under Florida state law. NDIL-ECF No. 1-2. AAP preferred to litigate that case in a Chicago-based federal district court. So it initiated this action and asked this Court to enjoin the state proceedings. NDIL-ECF Nos. 1, 4. That maneuver faced obvious "insurmountable procedural barriers." CA7-ECF No. 20 at 30 (Scudder, J., dissenting), *vacated by* CA7-ECF No. 34. This Court lacks personal jurisdiction over the Florida Attorney General, venue is improper, and the *Younger* abstention doctrine "is open and shut in [the Attorney General's] favor." *Id.*

1

Nevertheless, this Court preliminarily enjoined the Attorney General from pursuing the Enforcement Action against AAP. NDIL-ECF Nos. 35, 39. The Attorney General appealed the preliminary injunction and sought an emergency stay from the Seventh Circuit. NDIL-ECF No. 40; CA7-ECF No. 2-1. The motions panel denied the stay over a forceful dissent that called the preliminary injunction a "grievous blow to federalism." CA7-ECF No. 20 at 27 (Scudder, J., dissenting), *vacated by* CA7-ECF No. 34. The Attorney General immediately sought reconsideration en banc. CA7-ECF No. 24. The Seventh Circuit granted that motion, vacated the motions panel decision, stayed the preliminary injunction order, ordered initial hearing en banc, and issued an expedited briefing schedule. CA7-ECF Nos. 34, 35. The Attorney General interprets that extraordinary order as a strong signal that the Seventh Circuit will soon correct this Court's extraordinary order.

AAP apparently thinks so too. That's why, on July 22, 2026, AAP moved to voluntarily dismiss this case without prejudice. NDIL-ECF No. 59. Of course, AAP offers another explanation: resource constraints. *Id.* at 3. But that is implausible. The much more likely explanation is that AAP is attempting to block the Seventh Circuit from ordering dismissal

2

with prejudice, perhaps with the intent of refiling this action in a more favorable forum. Dismissing this case without prejudice would be an abuse of discretion given (1) the Attorney General's significant expense and effort in defending this lawsuit, (2) AAP's inadequate explanation, and (3) the likelihood of additional forum shopping. In any event, when a plaintiff dismisses its case without prejudice, the defendant is entitled to attorney's fees.

## LEGAL STANDARD

Once the defendant serves its answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal under Rule 41(a)(2) is "within the sound discretion of the district court." *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986). Dismissal is an abuse of discretion when it causes the defendant to suffer "plain legal prejudice." *Id.* Factors indicating plain legal prejudice include, but are not limited to, the defendant's "expense and effort in defending th[e] lawsuit" and "insufficient explanation for the need to take a dismissal." *Id.* at 502, 506. A plaintiff's "decision to shop for a more favorable forum"

3

also suggests plain legal prejudice. *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994).

## ARGUMENT

Dismissing this case without prejudice would be an abuse of discretion. Even if this Court had discretion to grant dismissal without prejudice, it would be an abuse of discretion to do so without awarding attorney's fees.

### I. Dismissal Without Prejudice Would Cause the Attorney General to Suffer Plain Legal Prejudice.

Dismissing this case without prejudice would constitute "plain legal prejudice" for three reasons. First, the Attorney General has dedicated significant expense and effort to defend this lawsuit. Second, AAP's proffered explanation is pretextual and inadequate. Third, AAP's motion is calculated toward forum shopping.

**Defendant's Expense and Effort.** The Attorney General has diverted significant resources to defend this action. He has:

- Filed a motion to dismiss AAP's complaint, NDIL-ECF No. 21;

- Responded in opposition to AAP's motion for preliminary injunction, *id.*;

- Responded in opposition to AAP's motion for temporary restraining order, NDIL-ECF No. 25;

4

- Replied in favor of his motion to dismiss, NDIL-ECF No. 31;

- Noticed an appeal, NDIL-ECF No. 40;

- Moved this Court to stay the preliminary injunction pending appeal, NDIL-ECF No. 41;

- Moved the Seventh Circuit to stay the preliminary injunction pending appeal, CA7-ECF No. 2-1;

- Submitted a reply to this Court in favor of his motion to stay the preliminary injunction pending appeal, NDIL-ECF No. 52;

- Submitted a reply to the Seventh Circuit in favor of his motion to stay the preliminary injunction pending appeal, CA7-ECF No. 15;

- Moved the Seventh Circuit for reconsideration en banc, CA7-ECF No. 24;

- Responded to the emergency motion for stay submitted by AAP to the Seventh Circuit, CA7-ECF No. 40;

- Filed his initial brief in the Seventh Circuit, CA7-ECF Nos. 47, 48; and

- Attended multiple telephonic and virtual hearings through counsel.

In short, "although this suit has been pending for less than a year, defendant[] ha[s] already invested substantial time and effort on briefing." *Bullard v. Burlington N. Santa Fe Ry. Co.*, 2008 WL 4104355, at \*9 (N.D. Ill. Aug. 29, 2008). AAP cites no authority for its assertion that this factor cannot favor the defendant until "discovery has been propounded or taken" or the parties "have . . . prepared for trial." NDIL-ECF No. 59 at 4. Nor is it true that this case "remain[s] in the early

5

stages," *id.*—it has already advanced to en banc review in the Seventh Circuit. This factor weighs in favor of dismissal with prejudice.

**Insufficient Explanation.** "[T]he court may consider the plaintiff's proffered excuse in its assessment of whether the dismissal without prejudice is proper." *Outboard Marine Corp.*, 789 F.2d at 502. Here, AAP claims that, "[a]s a non-profit entity with related budget constraints, and with this Court's preliminary injunction recently stayed, [it] must now focus its resources on defending against the case in Florida." NDIL-ECF No. 59 at 3.

That explanation is insufficient. First, AAP had no problem paying for two lawsuits from March 4, 2026 (when it initiated these proceedings) to June 8, 2026 (when this Court issued the preliminary injunction). AAP offers no explanation for why it was willing to pay for two lawsuits to pursue an injunction from this Court but is now unwilling to pay for two lawsuits to defend that injunction. The likely answer is that AAP's motion for voluntary dismissal is not motivated by resources at all. Rather, AAP has read the writing on the wall and is attempting to avoid a ruling from the en banc Seventh Circuit that would prevent AAP from refiling this case in another forum. That would also explain why AAP moved the

6

Seventh Circuit for an "emergency" stay pending resolution of this motion. CA7-ECF No. 36. The Seventh Circuit denied that motion, concluding that "[n]either party will be prejudiced by adhering to" the set briefing schedule for en banc proceedings. CA7-ECF No. 43.

Second, AAP's explanation is inconsistent with its request for dismissal *without* prejudice. AAP will not be able to refile this case after the Enforcement Action concludes, since the relief AAP seeks is an order enjoining the Attorney General from pursuing the Enforcement Action. And if AAP were to refile this case while the Enforcement Action is still pending, it would necessarily have to pay for two lawsuits. AAP's proffered explanation is incompatible with the type of dismissal requested.

Third, public reporting shows that, at least in 2025, AAP had approximately $138 million in revenue and $178 million in total assets.[1] Filing one brief and conducting one oral argument at the Seventh Circuit—on issues that have already been extensively briefed—does not seem like a crushing burden for a $100 million+ organization.

---

[1] *See American Academy of Pediatrics Inc.*, ProPublica, https://projects.propublica.org/nonprofits/organizations/362275597.

7

Fourth, AAP is represented in this case by at least *twelve* attorneys from two Vault 100 law firms. *See* NDIL-ECF No. 59 (signature block); CA7-ECF No. 39 (signature block). AAP represents that one of the law firms is not providing its services pro bono. CA7-ECF No. 42 at 3. But if AAP is paying full fare, this case's strain on AAP's litigation budget is self-imposed. AAP cannot credibly cite resource constraints while employing a throng of lawyers from two of the nation's most prestigious—and expensive—law firms. AAP's inadequate explanation favors dismissal with prejudice.

**Forum shopping.** AAP's motion has all the hallmarks of "a conscious, calculated, and impermissible decision to shop for a more favorable forum." *Marlow*, 19 F.3d at 303. The Seventh Circuit has not proven to be the hospitable forum that AAP hoped it would be. If this Court grants dismissal without prejudice, and if the Seventh Circuit thereafter declines to vacate the preliminary injunction, AAP will likely refile this action in another forum that it now views as more favorable. Allowing AAP to continue to forum shop would prejudice the Attorney General.

For these reasons, dismissing this case without prejudice would be an abuse of discretion.

8

## II. If the Court Grants Dismissal Without Prejudice, It Must Award Attorney's Fees.

"The imposition of costs is a condition that district courts routinely impose on voluntary dismissals." *Brandt v. Schal Assocs., Inc.*, 854 F.2d 948, 955 (7th Cir. 1988). "As a general rule, an award of reasonable attorneys' fees, less any fees for work that may be utilized in subsequent litigation of the same claim, is an entirely appropriate condition of dismissal." *Marlow*, 19 F.3d at 306.

The Seventh Circuit explained this rule in *Cauley v. Wilson*, 754 F.2d 769 (7th Cir. 1985). "The purpose of awarding attorneys' fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused." *Id.* at 772. Fees are not awarded under Rule 41 when a plaintiff obtains a dismissal with prejudice "because the defendant cannot be made to defend again." *Id.* But in the case of a dismissal *without* prejudice, "the defendant may have to defend again at a later time and incur duplicative legal expenses. Thus, the fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim." *Id.* (citation omitted).

9

The Attorney General has incurred significant expenses defending this case. Much of his work product would not be useful in subsequent litigation filed outside the Seventh Circuit. Thus, if this Court does not condition dismissal on dismissal with prejudice, it must at least condition dismissal without prejudice on an award of reasonable attorney's fees.

## CONCLUSION

This court should deny AAP's motion for voluntary dismissal. It would be an abuse of discretion for this Court to grant dismissal without prejudice. Even if this Court had discretion to grant dismissal without prejudice, it would be an abuse of discretion to do so without conditioning dismissal on an award of attorney's fees.

10

July 31, 2026

JAMES UTHMEIER
  *Attorney General*

RYAN D. NEWMAN
  *Chief Deputy Attorney
  General*

JASON HILBORN
  *Deputy Attorney General
  Civil Division*

OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
samuel.elliott@myfloridalegal.com

Respectfully submitted,

DAVID M.S. DEWHIRST
  *Solicitor General*

JASON J. MUEHLHOFF
  *Chief Deputy Solicitor General*

SAMUEL F. ELLIOTT
  *Deputy Solicitor General*

VINCENT LI
  *Deputy Solicitor General*

*Counsel for Attorney General James Uthmeier*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by electronic service through the CM/ECF Portal on July 31, 2026, to all counsel of record.

*/s/ Samuel F. Elliott*
Deputy Solicitor General

11