**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, <br><br>     *Plaintiff*, <br><br>     v. <br><br> JAMES UTHMEIER, ATTORNEY GENERAL OF THE STATE OF FLORIDA, in his official capacity, <br><br>     *Defendant*. | Case No. 1:26-cv-02401-MFK |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 41(A)(2)**
**VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

**INTRODUCTION**

Plaintiff American Academy of Pediatrics ("AAP") respectfully submits this reply in support of its motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) ("Motion" or "Mot."). ECF No. 59.

Far from "gamesmanship," AAP seeks here the same remedy Defendant Attorney General James Uthmeier ("Uthmeier") would have received had his motion to dismiss been successful and the same remedy he would receive if he prevailed on appeal: dismissal without prejudice. AAP, a 501(c)(3) nonprofit focused on children's health and welfare, has made a practical decision to direct its limited litigation resources to Florida, the forum in which it *must* mount a defense against Uthmeier's action—and the forum in which Uthmeier has insisted this dispute must be heard. Uthmeier's opposition to AAP's Motion, ECF No. 61 ("Opposition" or "Opp."), fails to identify any "plain legal prejudice" that would justify continued proceedings in a court whose authority Uthmeier has disputed since before his appearance in this case, *e.g.*, Certificate of Service, ECF No. 16 ("Counsel for Defendant requests that AAP 'relay [Defendant's] reservation of the Attorney General's 12(b)(2) defense.'"). Nor does Uthmeier's Opposition supply any justification for his assertion that he is "entitled" to costs. AAP respectfully requests that the Court grant its motion to dismiss this action without prejudice, with each party to bear its own fees and costs.

**ARGUMENT**

The parties agree that permitting voluntary dismissal pursuant to Rule 41(a)(2) could only be an abuse of discretion in the rare case where a defendant shows that "plain legal prejudice" will result. Mot. at 3; Opp. at 3; *see also Simons v. Fox*, 725 F. App'x 402, 406 (7th Cir. 2018).[1] Uthmeier has failed to make that showing. Instead, he speculates about AAP's motives and

---

[1] All citations omitted and emphases added unless otherwise noted.

finances. But AAP has been clear: it brought this lawsuit in its home jurisdiction to defend itself against Uthmeier's unconstitutional actions at a time when Uthmeier had yet to serve the state court complaint. Now that AAP must defend itself against those unconstitutional actions in Florida—Uthmeier's chosen forum—it seeks to direct its limited litigation resources where they are most needed. Uthmeier "does not come close" to showing that dismissal of this action will plainly prejudice him. *Kunz v. DeFelice*, 538 F.3d 667, 678 (7th Cir. 2008), *as corrected* (Aug. 27, 2008).

## I.        Uthmeier Has Not Established Plain Legal Prejudice.

Uthmeier does not dispute that the Seventh Circuit assesses plain legal prejudice under a non-exhaustive four-factor framework. Mot. at 4; Opp. at 3–4; *see also Kunz*, 538 F.3d at 677–78. Those factors include "[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant."[2] *Kunz*, 538 F.3d at 677–78 (quoting *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).[3] A fifth factor is also relevant here: the relief Uthmeier would have received had he succeeded on his motion to dismiss or on appeal. *Cf. Tyco Lab'ys, Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) ("The enumeration of the factors to be considered in

---

[2] Uthmeier does not address AAP's diligence in pursuing the instant action or the fact that no motion for summary judgment has been filed, waiving any argument that these factors do not favor AAP.

[3] Although Uthmeier suggests that another factor in assessing prejudice is a plaintiff's "decision to shop for a more favorable forum," Opp. at 3–4, Uthmeier's cited authority does not stand for that proposition, and the language he cites is a quote from a portion of the district court decision that the Seventh Circuit reversed and remanded in full. *See Marlow v. Winston & Strawn*, 19 F.3d 300, 303, 305–06 (7th Cir. 1994); *contra* Opp. at 3–4, 8. In any case, AAP is not engaging in any type of forum shopping here; rather, it is choosing to reserve its resources to defend itself in Florida state court—the forum of Uthmeier's choosing.

*Pace* is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests.").

### A. Uthmeier's Effort Does Not Warrant Continuing This Litigation.

Uthmeier details the filings he has chosen to make in this litigation, concluding with his "initial brief in the Seventh Circuit"—which he filed only *after* opposing AAP's motion for voluntary dismissal and its motion to stay the appeal pending resolution of its motion for voluntary dismissal. *E.g.*, Opp. at 4–5; Appellant's Emergency Response, Dkt. No. 40 (Case No. 26-2238 July 28, 2026); Order, Dkt. No. 43 (Case No. 26-2238 July 29, 2026); Appellant's Initial Brief, Dkt. No. 47 (Case No. 26-2238 July 29, 2026).[4] *Cf. Wells Fargo Bank, Nat'l Ass'n v. Worldwide Shrimp Co.*, 2017 WL 7689635, at *9 (N.D. Ill. Dec. 29, 2017) ("The plaintiff also should not have to pay for expenses that were unnecessary and of the defendant's own making."). Uthmeier's complaints that this case "has already advanced to en banc review in the Seventh Circuit" both shirk his responsibility for the choices he has made on appeal and fail to acknowledge either the distinction between briefing—even on appeal—a preliminary injunction and motion to dismiss, in comparison to the type of extensive case investment more often before courts in considering

---

[4] As AAP noted to the Seventh Circuit in support of its motion to stay appellate proceedings pending resolution of the instant motion, "[i]t takes real nerve to complain about amassing fees in defense of this action while simultaneously resisting the very actions—a pause of appellate proceedings and dismissal of the action—that would eliminate the need for such expenditure." Reply in Support of Emergency Mot. to Stay Proceedings Pending District Court's Resolution of AAP's Mot. to Dismiss, Dkt. No. 42 at 5 (Case No. 26-2238 July 28, 2026).

motions brought under Rule 41(a)(2), or the extensive costs and effort that AAP faces in fully litigating the Florida case through potential discovery, summary judgment, and trial.

The brief tenure and early stages of this case favor AAP's request for dismissal without prejudice. *E.g.*, *In re Hair Relaxer Marketing Sales Pracs. & Prods. Liab. Litig.*, 2024 WL 4789760, at *3 (N.D. Ill. Nov. 13, 2024) (detailing that where discovery "is in its infancy," the factor "favors Plaintiffs' request for dismissal without prejudice" and that engaging in initial discovery is "not the sort of substantial trial preparation that justifies dismissal with prejudice"); *Jones v. Celeritas Freight Sols., LLC*, 2023 WL 12226701, at *1 (N.D. Ill. May 3, 2023) (noting that "the vast majority of factors" favored plaintiff in a case "pending for a few months" where the parties "have exchanged limited discovery" and where, as here, defendant "refused to sign Plaintiff's proposed stipulation dismissing the case to preserve Defendant's right to seek fees"); *contra Lazar v. Wheels*, 2026 WL 1194917, at *2 (N.D. Ill. May 1, 2026) (noting that where discovery was complex and plaintiff was uncooperative, the factor favored defendant).

Uthmeier's sole chosen authority for this factor—*Bullard v. Burlington N. Santa Fe Ry. Co.*, 2008 WL 4104355, at *9 (N.D. Ill. Aug. 29, 2008), Opp. at 5—cuts against him. There, 53 of 144 individual plaintiffs moved to dismiss without prejudice, and this Court's chief concern was that the "defendants likely would be forced to litigate in multiple forums if plaintiffs' motion were granted and the dismissed plaintiffs refiled their cases elsewhere." 2008 WL 4104355 at *1, *8. Not so here: as it has all along, AAP seeks to consolidate litigation in a single forum—now Uthmeier's chosen forum—rather than fight this battle on multiple fronts. *Contra id.* at *9 ("There is little question that … granting plaintiffs' motion would force defendants to face simultaneous

litigation in more than one venue, thereby incurring substantial additional costs."). *Bullard* supports dismissal without prejudice here.

### B. AAP Has Offered an Adequate, Good-Faith Explanation for Dismissal.

AAP filed the instant suit and moved for a preliminary injunction on March 4, 2026—three months after Uthmeier instituted the Florida enforcement action that gave rise to this dispute, but weeks before Uthmeier effected service or otherwise pursued that action. *E.g.*, Mot. at 1; *see also* Compl. ¶ 19; Mot. for Temp. Restraining Ord., ECF No. 22 at 1–2. At that time, litigating in Florida would have required AAP—a defendant in the Florida action—either to voluntarily advance litigation against itself or wait in further limbo to see what action Uthmeier would take next. Indeed, as this Court noted, Uthmeier only served AAP with an amended complaint—adding a third count—after AAP brought the instant lawsuit seeking to end that unconstitutional action. *See, e.g.*, *Am. Acad. of Pediatrics v. Uthmeier*, 2026 WL 1552734, at \*6–7, \*23–25 (N.D. Ill. June 2, 2026); *see also* Fla. Am. Compl., ECF No. 21-1; Aff. of Return of Service, ECF No. 21-2. Uthmeier's contention that AAP "had no problem paying for two lawsuits from March 4, 2026 (when [AAP] initiated these proceedings) to June 8, 2026 (when the Court issued the preliminary injunction)," Opp. at 6, willfully disregards these facts.[5]

AAP, a 501(c)(3) nonprofit organization with related budget constraints, is "dedicated to educating clinicians, supporting research, and issuing evidence-based clinical guidance to inform pediatric medical practice," with the core purpose of supporting "research, education, ethics, and

---

[5] Uthmeier hears hoofbeats and thinks of zebras—or even unicorns—rather than horses. AAP's motion in the Seventh Circuit to stay additional briefing during the pendency of this motion sought to promote efficiency and reduce costs, for the parties and the courts, for a case that is likely to end soon. *Contra* Opp. at 6–7. Uthmeier chose to spend time and resources opposing that motion, and now complains about his choice. *E.g.*, Opp. at 4–5; *supra* at 3.

dignity in pediatric practice for the ultimate welfare of young people." Del Monte Aff., ECF No. 4-2 ¶ 3; Compl., ECF No. 1 ¶ 30. AAP's core mission is not to litigate. Now that the en banc Seventh Circuit has stayed the preliminary injunction that shielded AAP from the Florida action, AAP faces the two-front litigation it originally sought to avoid and has made the practical decision to direct its limited resources to the defense it must now mount in Florida. Mot. at 3.[6] *See also Bullard*, 2008 WL 4104355, at *9 (detailing the burden and "substantial additional costs" of "fac[ing] simultaneous litigation in more than one venue").

## C. Dismissal Without Prejudice is Appropriate

"[T]he default posture of Rule 41(a)(2) is dismissal without prejudice unless the court's order states otherwise." *Windy City Moving, Inc. v. Collins Fam. Movers, Inc.*, 2023 WL 12240578, at *2 (N.D. Ill. Apr. 28, 2023). "[Uthmeier] has not shown that departure from this standard is warranted." *Id.*

Uthmeier fails to recognize that had his motion to dismiss been granted—rather than denied, *see Am. Acad. of Pediatrics*, 2026 WL 1552734, at *1, *26; Prelim. Inj. Order, ECF No. 39—the case would have been dismissed without prejudice. The same is true if Uthmeier were to prevail on appeal. Uthmeier moved on four grounds: "lack of personal jurisdiction, improper venue, *Younger* abstention, and failure to state a claim." 2026 WL 1552734, at *1. "[D]ismissals for lack of personal jurisdiction" are "necessarily without prejudice." *Lauderdale-El v. Indiana*

---

[6] Uthmeier cites public reporting about AAP's total revenue and assets in an attempt to argue that AAP has adequate resources to litigate across multiple fora. Whatever funds AAP may have or raise are, unsurprisingly, not earmarked in full for litigation expenses. An organization's assets say nothing about whether it is prudent, as an institutional matter, to divert resources away from AAP's mission of promoting pediatric health and toward simultaneous litigation in multiple fora. As to Uthmeier's extensive remarks about AAP's counsel of record, Uthmeier cites no support for his implied argument that an entity that has been targeted by the considerable resources of a hostile State should not retain the counsel of its choice to represent its interests so that it might instead litigate in more than one forum.

*Parole Bd.*, 35 F.4th 572, 576–77 (7th Cir. 2022); *cf. White v. Illinois State Police*, 15 F.4th 801, 808 (7th Cir. 2021) ("a dismissal on standing grounds can never be with prejudice" because "the court had no authority to resolve the case").  Just so for dismissals for improper venue, *Johnson v. Western & Southern Life Ins. Co.*, 598 F. App'x 454, 456 (Mem.) (7th Cir. 2015) ("[A] dismissal for improper venue is without prejudice because it is not an adjudication on the merits."), and for "[d]ismissals pursuant to an abstention doctrine, like *Younger*," *Durga Prop. Holdings, Inc. v. City of Effingham, Illinois*, 2025 WL 1672870, at *3 (7th Cir. June 13, 2025); *see also Am. Trial Lawyers Ass'n v. N.J. Sup. Ct.*, 409 U.S. 467, 469 (1973) ("a dismissal on grounds of abstention so as to permit a state court to pass on an issue of state law must not be with prejudice").  Similarly, dismissal under Rule 12(b)(6) for failure to state a claim "generally is not with prejudice."  § 1357 Motions to Dismiss—Practice Under Rule 12(b)(6), 5B Fed. Prac. & Proc. Civ. § 1357 (4th ed. Apr. 2026); *see also Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1115 (7th Cir. 1970) (dismissal on ground raised under Rule 12(b)(6) "must be without prejudice").

Uthmeier contends that dismissal without prejudice would be an abuse of discretion because "AAP will likely refile this action in another forum that it now views as more favorable." Opp. at 8.  Such speculation is unfounded.  AAP seeks to dismiss this case—as it has said repeatedly—to focus on defending against the action Uthmeier brought, not to refile elsewhere. AAP has joined the anti-SLAPP motion brought by defendants in the Florida action, which will be heard by the Florida court on August 4, 2026.  And AAP has sought leave from the Florida court to file a reply in support of its motion to dismiss the Florida action.  AAP seeks to focus its efforts on the action Uthmeier chose to bring.  AAP does not intend to refile a similar action in a different forum.

## II.    Awarding Uthmeier Attorney's Fees and Costs is Inappropriate Here.

Notably, Uthmeier has dropped his assertion that AAP's suit is "frivolous."  *See* Mot. at 5,

7

Opp. at 8–10.  That retreat is unsurprising.  To recover under 42 U.S.C. § 1988, Uthmeier would have to establish *both* that he is a "prevailing defendant" and that AAP's "action was frivolous, unreasonable, or without foundation," *Fox v. Vice*, 563 U.S. 826, 833 (2011).  He can establish neither.

Uthmeier now requests fees and costs under Rule 41(a)(2), *see* Opp. at 8–10, asserting that "when a plaintiff dismisses its case without prejudice, the defendant is *entitled* to attorney's fees," Opp. at 3 (emphasis added).  But none of the authority cited by Uthmeier suggests it would be an abuse of this Court's discretion *not* to award fees, or otherwise supports Uthmeier's assertion of entitlement.  Opp. at 9 (citing *Brand v. Schal Assocs., Inc.*, 854 F.2d 948, 955 (7th Cir. 1988); *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985)). To the contrary, "an award of reasonable attorneys' fees, less any fees for work that may be utilized in subsequent litigation of the same claim," is a condition of dismissal which "is to be imposed by the district court in the exercise of its discretion." *Marlow v. Winston & Strawn*, 19 F.3d 300, 306 (7th Cir. 1994) (emphasis omitted).

As Uthmeier acknowledges, fee awards are inappropriate where work product would be useful in subsequent litigation of the same claim.  *See* Opp. at 9.  That is the case here.  Much of Uthmeier's work product has been and will be used in litigating the merits of the Florida action, where Uthmeier must demonstrate that his claims are meritorious and that the litigation does not violate the First Amendment.

Moreover, an award of fees and costs here would run contrary to the spirit animating 42 U.S.C. § 1988.  *See, e.g.*, *Jones v. Celeritas Freight Sols., LLC*, 2023 WL 12226701, at *2 (N.D. Ill. May 3, 2023) (rejecting, in a case brought pursuant to Title VII, the ADA, and ADEA, defendant's assertion that it was entitled to attorney's fees under Rule 41(a)(2), noting that "[t]he Court cannot say that Plaintiff's claim was frivolous, unreasonable, or without foundation").

Awarding fees in a case where six Article III judges believe a preliminary injunction is warranted, Mot. at 5, would discourage others from vindicating their rights through meritorious civil rights lawsuits.

**CONCLUSION**

For the foregoing reasons, AAP respectfully requests that the Court grant AAP's Motion for Rule 41(a)(2) Voluntary Dismissal Without Prejudice, with each party to bear its own fees and costs.

DATED: August 3, 2026

Respectfully submitted,

*/s/ Alexandra J. Widas*

Valerie Hletko (ARDC No. 6323429)*
Amber M. Charles (D.C. Bar No. 1035226)**
Paul Killebrew (N.Y. Bar No. 4605846)**
Alexandra J. Widas (D.C. Bar No. 1645372)**
Francisco I. Collantes (D.C. Bar No. 90032159)**
Sarah Haddon (D.C. Bar No. 90005098)**
Kristin Oakley (D.C. Bar No. 90020204)**
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Tel. (202) 662-6000
vhletko@cov.com
acharles@cov.com
pkillebrew@cov.com
awidas@cov.com
fcollantes@cov.com
shaddon@cov.com
koakley@cov.com

Jack R. Bierig (ARDC No. 207039)*
J. Michael Showalter (ARDC No. 6301455)*
ArentFox Schiff LLP
233 S. Wacker Drive, Suite 7100
Chicago, IL 60606
Tel: (312) 258-5500

jack.bierig@afslaw.com
j.michael.showalter@afslaw.com

*Member of the N.D. Ill. Trial Bar*
**Member of the N.D. Ill. General Bar*

*Counsel for American Academy of Pediatrics*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2026, I filed the foregoing document and all accompanying materials with the Clerk of Court for the U.S. District Court for the Northern District of Illinois using the court's CM/ECF system.

*/s/ Alexandra J. Widas*

Alexandra J. Widas