**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AMERICAN ACADEMY OF PEDIATRICS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26 C 2401** |
| | ) | |
| **JAMES UTHMEIER, ATTORNEY GENERAL OF THE STATE OF FLORIDA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>ORDER ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL</u>**

MATTHEW F. KENNELLY, District Judge:

Florida Attorney General James Uthmeier sued the American Academy of Pediatrics and two other organizations in Florida state court, alleging that they had engaged in unfair and deceptive trade practices in violation of Florida law and had violated Florida's racketeering statute. With regard to AAP, AG Uthmeier's claim arose from AAP's policy statements regarding care provided to adolescents and children identifying as transgender, and its challenges to a proposed Florida rule excluding puberty blockers, cross-sex hormones, and certain surgical interventions from Medicaid coverage.

AG Uthmeier filed the state court lawsuit in early December 2025, but as of early March 2026 he had not yet caused AAP to be served with summons. On March 4, 2026, AAP filed the present lawsuit in this District. AAP alleged that AG Uthmeier had initiated the state court lawsuit to retaliate against AAP for the exercise of its rights under the First Amendment. On that same date, AAP filed a motion seeking a preliminary injunction to bar AG Uthmeier from pursuing the state court lawsuit against

AAP. On March 18, AG Uthmeier filed a memorandum in opposition to AAP's motion and also in support of a motion to dismiss. His cited grounds for dismissal were lack of personal jurisdiction; improper venue; abstention under *Younger v. Harris*; and failure to state a claim. The same day that AG Uthmeier filed his motion to dismiss here, he filed an amended complaint in the Florida state court case adding a claim under the state's antitrust statute. He then (three months after filing the suit) took steps to serve AAP with summons.

This Court ordered briefing of AG Uthmeier's motion to dismiss and AAP's motion for a preliminary injunction. Oral argument was held on April 7, 2026. On June 2, 2026, the Court entered an order denying the motion to dismiss and granting the motion for a preliminary injunction. *Am. Academy of Pediatrics v. Uthmeier*, No. 26 C 2401, 2026 WL 1552734 (N.D. Ill. June 2, 2026). The Court concluded that AAP had adequately established personal jurisdiction over AG Uthmeier as well as proper venue; that an exception under *Younger* applied, thus enabling AAP to proceed with its claims before this Court; and that AAP had stated plausible claims under the standard governing motions to dismiss for failure to state a claim. The Court also granted AAP's motion for a preliminary injunction.

The Court entered a preliminary injunction order on June 8, 2026. *See* Dkt. 39. The preliminary injunction precluded AG Uthmeier from further pursuing his state court lawsuit against AAP. AG Uthmeier filed a notice of appeal that same day and, on June 9, filed a motion asking this Court to stay the preliminary injunction pending appeal. *See* Dkt. 40, 41. Around the same time, AG Uthmeier filed a parallel motion to stay before the Seventh Circuit, relying on substantially the same arguments he had made in

the motion to stay filed before this Court. A divided panel of the Seventh Circuit denied the motion to stay on June 22. On June 30, this Court entered an order acknowledging the Seventh Circuit's ruling and stating: "This Court sees no basis to reach a different result here and therefore denies defendant's motion to stay." Dkt. 54.

AG Uthmeier sought *en banc* review of the Seventh Circuit panel's denial of the motion to stay. On July 8, the Seventh Circuit granted *en banc* reconsideration; vacated the panel's opinion denying the motion to stay; and stayed the preliminary injunction pending resolution of the appeal. Four Seventh Circuit judges dissented from the decision to stay the preliminary injunction.

In the meantime, on June 29, AG Uthmeier—his motion to dismiss having been denied by this Court—filed an answer to AAP's complaint. *See* Dkt. 53. No discovery has been initiated, at least as far as the Court is aware. Nor has the Court set a discovery schedule.

On July 22, two weeks after the Seventh Circuit's ruling staying this Court's preliminary injunction, AAP filed before this Court a motion under Federal Rule of Civil Procedure 41(a)(2) seeking dismissal of its complaint without prejudice. AG Uthmeier opposes the motion, arguing that any dismissal should be with prejudice, or alternatively that the Court should condition a without-prejudice dismissal on payment of attorney's fees by AAP. The Court ordered briefing of the motion and heard oral argument on August 11, 2026.

## Discussion

### 1. Dismissal without prejudice vs. dismissal with prejudice

Once the defendant has answered the plaintiff's complaint, as AG Uthmeier did

here about three weeks before AAP sought dismissal, the plaintiff may not voluntarily dismiss the case without court approval. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). After the defendant has answered, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

In deciding a motion for dismissal under Rule 41(a)(2), a court may consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Tyco Lab'ys, Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) (citation omitted); *see also Hunz v. DeFelice*, 538 F.3d 667, 678 (7th Cir. 2008). "Rule 41(a)(2) requires the plaintiff to persuade the district court and to establish that voluntary dismissal without prejudice is warranted." *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994).

The Court proceeds to review the factors identified in *Tyco Laboratories* and other relevant considerations cited by the parties.[1] First, a good deal of work has been done on the case, and it is fair to say that both sides—including in particular, for present purposes, the defendant—have put forth significant effort on the case. In very short order, the parties litigated a motion to dismiss and a motion for preliminary injunction

[1] "The enumeration of factors to be considered . . . is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." *Tyco Lab'ys*, 627 F.2d at 56.

before this Court and then motions to stay before both this Court and the Seventh Circuit. But that said, the case is at a very early stage. No discovery has been done, and though there have been some preliminary rulings, the Court has made no rulings on the merits as such. And, as noted, AAP filed its motion for voluntary dismissal only a touch over three weeks after AG Uthmeier filed his answer to the complaint. Finally, there are no dispositive motions that are pending before this Court.

There is no viable contention here—and in fact AG Uthmeier does not contend—that there has been excessive delay or lack of diligence by AAP in prosecuting its lawsuit or, more particularly, in filing its motion for dismissal. AAP filed the motion, as the Court has said, just three weeks plus a couple days after AG Uthmeier filed his answer to the complaint, and before any discovery was done.

The timing of AAP's motion is important in another respect, as it relates to the reason AAP provides for seeking dismissal. AAP moved for dismissal just two weeks after the Seventh Circuit issued its *en banc* order staying the preliminary injunction pending full review by that court. When AAP filed its action here, it did so in the hope of heading off litigation in Florida state court and instead litigating the dispute with AG Uthmeier here. To put a finer point on it, a key goal of AAP's preliminary injunction motion (and, more broadly, its lawsuit), was to litigate in a single forum: that was the purpose and effect of AAP's request for a preliminary injunction that would bar AG Uthmeier from continuing to prosecute the Florida case against AAP. But once the Seventh Circuit stayed the preliminary injunction, the upshot was that AAP would *have to* litigate its dispute with AG Uthmeier in two places at once: here and in Florida. That effectively defeated a key purpose AAP had in filing suit in Illinois. AAG says that it is

seeking dismissal of the present case so that it can litigate against AG Uthmeier in just one jurisdiction rather than two at the same time. That is a credible and viable basis for seeking to dismiss the present case.

In his written opposition to AAP's motion, AG Uthmeier contended that AAP's likely motive in seeking dismissal without prejudice was to refile the case in a more favorable forum. *See* Def.'s Resp. at 8. Even on the face of it, that was not simply speculative on AG Uthmeier's part, but quite implausible. First of all, AG Uthmeier did not identify in his brief any particular forum that he believed AAP would consider more favorable than the one it chose in the first instance. Nor could one plausibly identify—and AG Uthmeier did not point to—any other plausible alternative forum that might be both better for AAP and actually available. The simple reason for this involves the need to establish personal jurisdiction and proper venue. AAP had a viable argument—or at least this Court thought so—for personal jurisdiction and venue over AG Uthmeier here, in Illinois, where AAP is headquartered and where it felt its claimed injury. AG Uthmeier does not identify any other non-Florida forum, nor can the Court imagine any, where AAP would have viable contentions regarding jurisdiction and venue. As for refiling in federal court in Florida, AG Uthmeier has offered nothing to support a plausible contention that anyone in AAP's position would consider what amounts to a home forum for AG Uthmeier to be more favorable that AAP's own home forum, where it chose to file the lawsuit in the first place. But all of that aside, AAP committed, in its reply brief and at oral argument, not to refile its federal lawsuit *anywhere*, and AG Uthmeier (during argument) has accepted that concession. That effectively takes this point off the table.

Considering these factors together, they support allowing AAP to dismiss its suit

without prejudice. But there is more. Dismissal *with* prejudice arguably could have preclusive effect against AAP in its defense of the Florida lawsuit. In particular, this Court understands AAP to contend in the Florida case, among other things, that its conduct that AG Uthmeier challenges is protected by the First Amendment. AAP asserted a similar contention in the present case; it contended in its complaint and argued, in support of denying abstention under *Younger*, that AG Uthmeier's Florida suit amounted to retaliatory conduct for AAP's exercise of protected First Amendment rights. Given these overlapping contentions, were the Court to require the present case to be dismissed with prejudice, it might provide the predicate for a preclusion ruling favorable to AG Uthmeier in the already-pending Florida lawsuit. That is an outsized benefit beyond what a defendant reasonably should get as a condition for the present lawsuit going away.

Furthermore, and perhaps more importantly, a dismissal with prejudice is more than AG Uthmeier would have gotten if the motion to dismiss he filed in the present case had succeeded. Specifically, three of the grounds AG Uthmeier cited as bases for his motion to dismiss—lack of personal jurisdiction, improper venue, and *Younger* abstention—are not merits-based grounds. A dismissal on any of those grounds necessarily would have been a dismissal *without* prejudice. As for the fourth ground cited in AG Uthmeier's motion to dismiss—failure to state a claim—the default rule in this Circuit is that a Rule 12(b)(6) dismissal is without prejudice to filing an amended complaint to cure the defects that formed the basis for dismissal. *See, e.g., Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily . . . a plaintiff whose original complaint has been dismissed under Rule

12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed. We have said this repeatedly."). Thus if the Court had granted AG Uthmeier's motion to dismiss for failure to state a claim, AG Uthmeier almost certainly would not have been entitled at that point to a merits-based final judgment of dismissal.

The Court sees no basis under which AG Uthmeier is entitled to get, or should get, more on a voluntary dismissal that he would have gotten on the dismissal that he actually sought when he moved to dismiss AAP's complaint. Indeed, requiring dismissal with prejudice effectively would impose a penalty upon AAP for having filed the complaint in the first place. AG Uthmeier cites no authority, controlling or otherwise, entitling him to that.

In sum, AG Uthmeier suffers no "plain legal prejudice," *see FDIC V. Knostman*, 966 F.2d 1133, 1142 11 (7th Cir. 1992), from dismissal of AAP's claims without prejudice. The upshot is that he has beaten back AAP's attempt to litigate the dispute outside of AG Uthmeier's chosen forum, and AAP's affirmative suit has been brought to an end less than six months after it was filed, without any discovery taking place.

For these reasons, the Court overrules AG Uthmeier's contention that any dismissal under Rule 41(a) should be with prejudice.

**2. Conditioning dismissal on payment of attorney's fees**

The Court turns next to AG Uthmeier's alternative contention that the Court should condition a dismissal without prejudice upon payment of AG Uthmeier's attorney's fees. Initially, the Court notes that AG Uthmeier did not actually incur any out-of-pocket expense for attorney's fees in defending the case. This point was conceded

at oral argument. AG Uthmeier was represented at all times by the attorneys in the Florida Attorney General's office, who are salaried employees of the State of Florida. This does not automatically preclude a request for attorney's fees to compensate for allegedly diverted time and effort, but it is fair to say that AG Uthmeier incurred no out of pocket costs. (The Court notes that it conducted all of oral arguments and status hearings by video or telephone conference so that AG Uthmeier's counsel would not have to travel to Chicago.)

AG Uthmeier argued in his response to AAP's motion to dismiss that "when a plaintiff dismisses its case without prejudice, the defendant is *entitled* to attorney's fees." Def.'s Mem. in Opp. at 3 (emphasis added). To put it another way, he argued that a fee award is *the norm*. But the authority that AG Uthmeier cites for this proposition does not support it. *See id.* at 9 (citing *Brandt v. Schal Assocs., Inc.*, 854 F.3d 948, 955 (7th Cir. 1988) and *Cauley v. Wilson*, 754 F.2d 769 772 (7th Cir. 1983)). Rather, the law is clear that an award of fees as a condition of dismissal is discretionary. *Marlow v. Winston & Strawn*, 19 F.3d 300, 306 (7th Cir. 1994).

AG Uthmeier has not offered a persuasive basis to impose fees as condition of dismissal without prejudice. Even if AAP had pursued the case to conclusion and lost, AG Uthmeier would not have been entitled to fees as a matter of right, or anything close to it: under 42 U.S.C. § 1988, a prevailing defendant has to show not just that it prevailed, but that the lawsuit was frivolous, unreasonable, or without foundation. *See Fox v. Vice*, 563 U.S. 826, 833 (2011). AG Uthmeier has not made that showing in his present motion and, indeed, has not argued that this standard has been met. *See* Def.'s Resp. at 9-10. Thus conditioning the dismissal on payment of fees would give AG

Uthmeier more than he would have gotten had he litigated to the end and won the case on the merits. The Court also adds that if AG Uthmeier contends that any of AAP's filings or conduct, or the lawsuit itself, ran afoul of Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or the common law bad faith rule, he is free to timely file, post dismissal, a motion seeking a fee award.

Finally, at least some of AG Uthmeier's work product related to this case—that involving the First Amendment and, more generally, the merits of AG Uthmeier's claims, which were part of the *Younger* analysis—is likely to be useful in the Florida lawsuit as well. (The Court notes in this regard that AG Uthmeier says that "*[m]uch of* his work product would not be useful in subsequent litigation filed outside the Seventh Circuit," Def.'s Resp. at 10, not that *none* of it would be useful.) The Court further notes that some of AG Uthmeier's work and filings in this case took place after AAP moved to dismiss the case and thus were the result of AG Uthmeier's voluntary choice to oppose the dismissal and to oppose AAP's motion before the Seventh Circuit to stay the appeal pending consideration of the present motion. The effort spent on these submissions, at least, was of AG Uthmeier's own doing.

**Conclusion**

For these reasons, the Court grants AAP's motion for voluntary dismissal. The case is hereby dismissed without prejudice. The Court declines to condition the dismissal on payment of AG Uthmeier's attorney's fees. The Court does, however, give AG Uthmeier leave to file a bill of costs (though, to be sure, the Court is reasonably certain that taxable costs under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d) are minimal given the early stage at which this case is being dismissed). In addition, the Court

assumes—as both parties opined when asked at oral argument—that the effect of this dismissal is to vacate the preliminary injunction previously entered by the Court. That said, the Court is reluctant to formally vacate the preliminary injunction because it is currently on appeal to the Seventh Circuit. *See, e.g., Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("An appeal, including an interlocutory appeal, divests the district court of its control over those aspects of the case involved in the appeal.") (internal quotation marks omitted); *Staffa v. Pollard*, 597 F. App'x 893, 895 (7th Cir. 2015) ("[A]n appeal from an interlocutory decision—here, the denial of a preliminary injunction—does not divest a district court of jurisdiction or prevent the court from finishing its work and rendering a final decision.") (internal quotation marks omitted). The Court therefore asks the Seventh Circuit, pursuant to Fed. R. Civ. P. 62.1, to remand the case so that the preliminary injunction may be vacated, assuming it is necessary to do so formally.

Date: August 24, 2026

MATTHEW F. KENNELLY
United States District Judge